UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:  
TM HEALTHCARE HOLDINGS, LLC, et al.,

CASE NO.: 20-20024-EPK  
(Jointly Administered)  
CHAPTER 7

_____Debtor._____/

**MOTION PURSUANT TO FRBP 9024 FOR RELIEF FROM JUDGMENT RELATING TO ORDER DENYING MOTION OF PATIENT CARE OMBUDSMAN ERIC M. HUEBSCHER AND HUEBSCHER & COMPANY TO COMPEL THE IMMEDIATE PAYMENT OF UNDISPUTED PATIENT CARE OMBUDSMAN FEES AND EXPENSES**

COMES NOW, Eric M. Huebscher, the patient care ombudsman appointed in the above-captioned chapter 11 case and Huebscher & Company (the "PCO"), and Huebscher & Company (the "Company") (the PCO and the Company, collectively, the "Movants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 60, made applicable to bankruptcy cases by virtue of Federal Rule of Bankruptcy Procedure 9024, seeks relief from this Court's Order dated March 17, 2021 [ECF No. 286] Denying Motion to Compel Payment of Fees and Expenses (the "Denial Order") and states:

**Procedural and Factual Background**

1. The chapter 11 petitions in these jointly administered cases were filed September 17, 2020. On September 18, 2020, this Court entered an Order Directing U.S. Trustee to Appoint Patient Care Ombudsman. [ECF No. 35]. In accordance with that order, the U.S. Trustee filed a Notice of Appointment of Patient Care Ombudsman on October 9, 2020, appointing the PCO as the patient care ombudsman in these cases pursuant to section 333 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2007.2(c). [ECF No. 73]. These jointly administered cases have since been converted to Chapter 7 by Order dated March 18, 2021. [ECF No. 288].

2. On October 26, 2020, the PCO, through counsel, filed an Application of Patient Care Ombudsman for Entry of an Order Authorizing the Retention and Employment of Huebscher & Company and to Establish Procedures for Compensation. [ECF No. 110 – the "PCO Application"]. A hearing on the PCO Application was conducted on November 12, 2020, and on November 17, 2020, this Court entered an order granting the PCO Application. [ECF No. 150 – the "PCO Fee Order"][1]. The Court retained jurisdiction to enforce the provisions of the PCO Fee Order. (PCO Fee Order, ¶ 10).

3. The PCO Fee Order sets forth a procedure for the payment of interim compensation to the Company. Specifically, "[o]n or before the twentieth (20th) day of each month following the month for which compensation is sought, the Company will serve a monthly statement (a 'Monthly Fee Statement'), by email (or overnight delivery if requested by any party), on: (i) the Debtors, (ii) counsel to the Debtors, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel for KeyBank National Association, and (v) the Office of the United States Trustee (each a 'Notice Party,' and collectively the 'Notice Parties')." (PCO Fee Order, ¶ 3.a.). Thereafter, the Notice Parties have an opportunity to object to the Monthly Fee Statement or any portion thereof. (PCO Fee Order, ¶ 3.d.). If no "Fee Objection" is filed by the "Objection Deadline," "the Debtors **shall promptly pay** eighty percent (80%) of the fees and one hundred percent (100%) of the expenses that are not subject to a timely Fee Objection sought in the relevant Monthly Fee Statement." (PCO Fee Order, ¶ 3.e., emphasis added).

---

[1] Unless otherwise defined in herein, capitalized words and phrases shall have the meanings ascribed to them in the PCO Application and PCO Fee Order.

4. On March 3, 2021, Movants filed their *Motion of Patient Care Ombudsman Eric M. Huebscher and Huebscher & Company to Compel the Immediate Payment of Undisputed Patient Care Ombudsman Fees and Expenses.* [ECF No. 249] (the "Motion to Compel").

5. At the eleventh hour and beyond the time provided for in the Local Rules, the largest creditor in the case, KeyBank National Association, filed a Response in Opposition to Motion to Compel. [ECF No. 283] (the "KeyBank Objection"). The Denial Order was entered after a hearing held on March 17, 2021.

6. In the Motion to Compel, Movants indicated that they had promptly provided a Monthly Fee Statement each month during this case, and as evidenced by the docket in this case, no Notice Party objected to the payment of the Company's fees and expenses in accordance with the PCO Fee Order.

7. As further alleged in the Motion to Compel, despite the fact that no Fee Objection was filed, and despite the fact that the payment of the Company's fees and expenses were budgeted for in the Final Order Authorizing the Use of Cash Collateral and Providing Adequate Protection [ECF. No. 219] (the "Final CC Order"), the Debtors intentionally ignored the provisions PCO Fee Order and failed to promptly pay the Company's Monthly Fee Statement as ordered by this Court with respect to the months of December 2020 and January 2021. Evidence of the transmission of the Monthly Fee Statements via email as required by the PCO Fee Order were attached to the Motion to Compel as Exhibit A.

8. As further alleged in the Motion to Compel, Movants attempted to gain compliance with the PCO Fee Order with numerous communications with Debtor representatives via email to the Debtor's Court-appointed CRO, Gregg Stewart, on 1/23/21, 2/9/21, 2/10,21, 2/15/21, 2/22/21, 2/24/21 and 2/26/21, and the Debtor's President, David Alban, on 1/28/21, 2/9/21, 2/22/21, 2/24/21

and 2/26/21. Until an email response was received from Mr. Stewart on March 1, 2021, which was sent shortly after a telephone conference between counsel for the Movants at the time, Zachary Bancroft, and counsel for the Debtor, no substantive response to Movant's inquiries had been provided to the Movants. A copy of Mr. Stewart's email response was attached to the Motion to Compel as Exhibit B. The response from Mr. Stewart simply said that Debtor's counsel had spoken to PCO's counsel about the Debtor's "inability to pay this debt at this time."

9. The Motion to Compel was denied with the entry of the Denial Order. The instant Motion is timely as it must be brought within a "reasonable time,"[2] and the Denial Order was entered only fourteen (14) days ago.

## Argument on PCO's Entitlement to Fees and Costs

10. Movants are entitled to reasonable compensation pursuant to section 330(a)(1) of the Bankruptcy Code and are entitled to the immediate payment of the December 2020 and January 2021 Monthly Fee Statements pursuant to the specific provisions of the PCO Fee Order, which required the prompt payment of compensation to the Movants upon service of such Fee Statements, and lack of objection thereto. In this case, the Monthly Fee Statements in question were timely served, and it is undisputed that there have been no objections made thereto. Even the KeyBank Objection contains no objection to the underlying fees sought.

## Reconsideration of Denial Order

11. Federal Rule of Civil Procedure 60 is made applicable to bankruptcy cases by virtue of Bankruptcy Rule 9024. Pursuant to Rule 60(b), a court may relieve a party from a final order for various reasons, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[2] Fed. R. Civ. P. 60(c).

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

12. Movants recognize that reconsideration is an extraordinary remedy to be employed sparingly and that substantial discretion rests with this Court in its analysis of a request for reconsideration. *See, e.g.*, *In re Chance & Anthem, LLC*, 2020 WL 5807522, at *2 (Bankr. S.D.Fla. 2020) (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002)). However, reconsideration is appropriate where there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice. *Id.*

13. In the instant case, as it relates to the Motion to Compel and the Denial Order, Movants submit that either Rule 60(b)(3) or 60(b)(6) support this Court's reconsideration of the Denial Order due either to the misconduct an opposing party or to prevent manifest injustice to the PCO.

14. Here, the misconduct was committed by the Court-appointed CRO when the CRO intentionally disregarded this Court's PCO Fee Order and by extension, because the PCO's fees were budgeted, the Final CC Order. The CRO became a *de facto* opposing party when they refused to pay the PCO's fees pursuant to this Court's Orders and failing to comply with those Orders is at the very least misconduct.

15. The PCO and his company were appointed without objection and immediately went to work for the benefit of the Debtors' patients, including site visits during a pandemic with the PCO putting his own health at risk. The PCO Fee Order clearly provided a mechanism for the PCO to provide statements to the relevant parties and an objection procedure for the parties to follow should they take issue with the fees and costs requested. The PCO complied with the procedures delineated in the PCO Fee Order and as described above, no objections were made.

16. The fact that no objections were lodged to the PCO's fees should have been the end of the analysis, but the CRO refused to pay. What is even more troubling here is that the Debtor appeared to have the funds to pay the PCO, but the CRO simply chose not to. The Debtor's December 2020 monthly operating reports indicated that they were holding cash in the approximate amount of $185,000 as of December 31, 2020. In addition, at ECF 220, Gregg Stewart, in his First Interim Application for Compensation indicated that the Debtor's estate had funds as of January 16, 2021, totaling $190,892.54.

17. The Court has suggested that at least part of the decision to issue the Denial Order was to prevent one administrative claimholder from gaining at advantage over other administrative claimholders. While Movants understand the Court's reasoning, the effect was to severely disadvantage the PCO relative to other administrative claimholders, some of whom benefit from a carve out in the Final CC Order where funds were carved out for, among other parties, the United States Trustee fees, and fees and expenses of counsel to the Official Committee of Unsecured Creditors (the "Carve Out").[3] It is unclear why the Carve Out did not include fees for the PCO, but counsel for the PCO at the time was not included in the discussions that led to the Carve Out.

---

[3] Other appointed professionals have been put in a much better position relative to the PCO for various reasons. The described Carve-Out protects certain professionals, and the CRO was paid $32,010.00 in January, 2021. Since the Debtor did not file a complete MOR for February 2021, and no MOR was filed for March, Movants are unable to determine whether additional funds went to the CRO prior to conversion.

18. The PCO Fee Order did not give the CRO the option to disregard what had been ordered by this Court. Surely, the sanctity of court orders would be jeopardized if parties decided on their own which court-ordered directives to follow and which to ignore. Movants also submit that Rule 60(b)(6) applies because of the public policy favoring compliance with court orders and that preventing the actions taken here constitute "exceptional circumstances" warranting reconsideration of the Denial Order. *Id.* At *6 (citing *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (finding that the party seeking relief has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result)). In the instant matter, PCO and Company are a small business and not receiving payment for fees that are due in the amount of $26,338.00 for December and January works a substantial hardship on Movants who now must wait to see if they will receive any recovery on the basis of their administrative claims.

19. Movants understand the cases have now converted to Chapter 7 and a Trustee has been appointed but those facts do not change the analysis or the reasons warranting the reconsideration of the Denial Order.

20. Accordingly, for the reasons stated above, Movants respectfully request this Court to grant the instant Motion, vacate the Denial Order, and order the immediate payment of fees and costs to the PCO as provided in the Motion to Compel, in the amounts of $11,819.00 and $14,519.00, for the total of $26,338.00, for the months of December 2020 and January 2021.

WHEREFORE, Movants respectfully request the entry of an Order reconsidering the Denial Order, granting the Motion to Compel, and directing the Chapter 7 Trustee to immediately pay the December 2020 and January 2021 Monthly Fee Statements provided by the PCO to the Notice Parties, and for such other and further relief the Court deems appropriate.

Dated: March 31, 2021.

                                  */s/ L. William Porter III*
                                  L. William Porter III
                                  Fla. Bar No. 0116882
                                  The Bill Porter Law Firm
                                  111 N. Orange Avenue, Suite 800
                                  Orlando, Florida 32801
                                  Telephone: 407.603.5769
                                  Facsimile: 407.674.3168
                                  Email: bill@billporterlaw.com
                                  ***Counsel for Movants***

## ATTORNEY CERTIFICATION

      I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

                                  */s/ L. William Porter III*
                                      L. William Porter III

## CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2021, a true and correct copy of the foregoing has been furnished via CM/ECF to all parties receiving said CM/ECF notifications.

                                  */s/ L. William Porter III*
                                      L. William Porter III